10-3281-cv
Jenkins v. NYS Banking Dept.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of January, two thousand twelve.

PRESENT:

AMALYA L. KEARSE,
JOSÉ A. CABRANES,
ROBERT D. SACK,

*Circuit Judges.*

_____

Rachel Jenkins,

            *Plaintiff-Appellant*,

       v.                                        10-3281-cv

NYS Banking Dept.,

            *Defendant-Appellee.*

_____
_____

Rachel Jenkins,

            *Plaintiff-Appellant*,

v.                                              10-3293-cv

NYS Banking Dept.,

                                *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**        Rachel Jenkins, *pro se*, Brooklyn, NY.

**FOR DEFENDANT-APPELLEE:**         Robert C. Weisz, Assistant Solicitor General (Michael
                                    S. Belohlavek, Senior Counsel, *of counsel*, Barbara D.
                                    Underwood, Solicitor General, *on the brief*), *for* Eric T.
                                    Schneiderman, Attorney General of the State of New
                                    York, New York, NY.

        Appeals from two judgments of the United States District Court for the Southern District of
New York (John G. Koeltl, *Judge*).

        **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgments of the District Court are **AFFIRMED**.

        In these tandem appeals, Appellant Rachel Jenkins, *pro se*, challenges the District Court's
June 15, 2010, judgments granting Appellee's motions for summary judgment and dismissing
Jenkins's employment discrimination actions.[1]  We assume the parties' familiarity with the underlying
facts, the procedural history of the cases, and the issues on appeal.

        We review orders granting summary judgment *de novo* and focus on whether the district court
properly concluded that there was no genuine issue as to any material fact and the moving party was
entitled to judgment as a matter of law.  *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d
Cir. 2003).  In determining whether there are genuine issues of material fact, we are "'required to
resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom
summary judgment is sought.'"  *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v.
Trs. of Columbia Univ. in City of New York*, 131 F.3d 305, 312 (2d Cir. 1997)).  Summary judgment is
appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the
non-moving party."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

_____

        [1] Jenkins filed her first complaint, *pro se*, in July 2007, alleging discrimination on the bases of
gender, age, and religion.  In November 2007, she filed a second *pro se* complaint, raising certain
identical, and certain additional, claims of discrimination.  The two actions were assigned to the
same judge and litigated jointly, though never consolidated.

Following a *de novo* review of the record, we affirm for substantially the same reasons stated by the District Court in its careful and comprehensive June 11, 2010, Memorandum Opinion, as amended by its order of September 30, 2010. Jenkins has not raised any specific challenge to the District Court's summary judgment decision and has not set forth any arguments challenging that decision in her opening brief. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir.2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding that issues not raised in *pro se* appellant's opening brief were abandoned and observing that "we need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal").

## CONCLUSION

We have considered all of Jenkins's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgments of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court